FILED
COURT
DIV.
2011 MAR 23 PM 2:07
CLERK [signature]
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ARTHUR L. BRIMS,

    Plaintiff,

v.                                        CIVIL ACTION NO.: CV611-009

BRIAN OWENS, Commissioner;
DON JARRIEL, former Warden;
and THE STATE OF GEORGIA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that one day while a portion of the prison was being demolished the wind blew a cloud of dust from the demolition site into Plaintiff's face. Plaintiff believes the dust contained asbestos, and fears that he might one day develop cancer.

To the extent Plaintiff wishes to claim Defendants negligently supervised the demolition site to prevent dust from blowing, he cannot sustain such a claim in this lawsuit. An allegation that defendants acted with negligence in causing Plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff asserts no constitutional violations by Defendants.

Plaintiff names the State of Georgia as a Defendant in this case. The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). As the State of Georgia has not consented to be sued in this Court, Plaintiff's claims against the State of Georgia cannot be sustained.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

**SO REPORTED** and **RECOMMENDED**, this 23 day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE